IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHERYL B.,[1]                                    6:21-cv-00042-BR

       Plaintiff,                        OPINION AND ORDER

v.

Commissioner, Social
Security Administration,

       Defendant.

SHERWOOD J. REESE
LUKE MOEN-JOHNSON
Drew L. Johnson, P.C.
1700 Valley River Drive
Eugene, OR 97401
(541) 434-6466

       Attorneys for Plaintiff

SCOTT ASPAUGH
Acting United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

---

[1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.

**WILLY LE**
Acting Regional Chief Counsel
**RYAN TA LU**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2034

        Attorneys for Defendant

**BROWN, Senior Judge.**

      Plaintiff Cheryl B. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **REVERSES** the Commissioner's decision and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## ADMINISTRATIVE HISTORY

      Plaintiff filed an application for DIB on January 28, 2019, alleging a disability onset date of November 13, 2018.  Tr. 156.[1] The application was denied initially and on reconsideration.  At some point Plaintiff amended her alleged onset date to

---

      [1] Citations to the official transcript of record filed by the Commissioner on June 11, 2021, are referred to as "Tr."

2 - OPINION AND ORDER

September 10, 2018.  Tr. 29.  An Administrative Law Judge (ALJ) held a hearing on August 26, 2020.  Tr. 27-61.  Plaintiff was represented at the hearing.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on September 2, 2020, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 13-21.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on November 16, 2020, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on September 18, 1969, and was 50 years old at the time of the hearing.  Tr. 156.  Plaintiff has a GED and attended two years of college.  Tr. 470.  Plaintiff has past relevant work experience as a cafeteria cook and cafeteria supervisor.  Tr. 19.

Plaintiff alleges disability due degenerative disc disease, an "inverse curve in [her] neck," and arthritis in her shoulders. Tr. 63.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the

3 - OPINION AND ORDER

medical evidence.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of

evidence] but less than a preponderance." *Id.* (citing *Valentine*,
574 F.3d at 690).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009). The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision. *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).


**DISABILITY ANALYSIS**

**I.    The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential
inquiry to determine whether a claimant is disabled within the
meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.
2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially
dispositive.

At Step One the claimant is not disabled if the Commissioner

determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete

incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work the claimant has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her September 10, 2018, amended alleged onset date.  Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of bilateral shoulder impingement with rotator cuff tendinopathy and cervical degenerative disc disease. Tr. 15.  The ALJ found Plaintiff's migraines and "mild degenerative changes in the thoracic and lumbar spine" are not severe impairments.  Tr. 16.  The ALJ found Plaintiff's hypothyroidism, anemia, and neurologic disorder are not medically determinable impairments.  Tr. 16.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 16.  The ALJ found Plaintiff has the RFC to perform light work "except she can occasionally climb ladders, ropes and scaffolds, occasionally crawl, and occasionally reach overhead bilaterally."  Tr. 17.

At Step Four the ALJ found Plaintiff cannot perform her past relevant work.  Tr. 19.

At Step Five the ALJ found Plaintiff can perform other work that exists in significant numbers in the national economy as a hand packager, production assembler, or short order cook. Tr. 20.  Accordingly, the ALJ concluded Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) partially rejected Plaintiff's testimony; (2) found three "disabling assessments by treating provider NP Cotton do not constitute medical opinions that he was required to consider"; and (3) failed to resolve a conflict with the Dictionary of Occupational Titles (DOT).

## I.   Plaintiff's Testimony

Plaintiff alleges the ALJ erred when he partially rejected Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th

Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

Plaintiff testified at the hearing that she stopped working as a cafeteria supervisor because the pain in her neck and shoulders became too severe.  Plaintiff testified she works 25 hours per week at a liquor store, but she cannot work full time because she has pain in her neck, shoulders, legs, and feet. Plaintiff stated when she gets home from her job she "can't do anything and . . . as much as [she] want[s] to work it's . . . debilitating . . . once [she is] home."  Tr. 42.  Plaintiff testified she has "electric shock pains" from neuropathy.  *Id*. Plaintiff stated she can lift a cup of coffee with her left arm and can lift a gallon of milk with her right arm, but cannot "hold it long."  Tr. 43.  Plaintiff noted at work she lifts "pints and plastic fifths" and does some "stocking at the front counter with the pints and . . . the fifths," but she is "not in the stockroom unboxing bottles."  Tr. 44-45.  Plaintiff testified when she is not working she is "recuperating[,] . . . just resting trying to get ready for the next workday and . . . try[ing] to get [her] legs up and . . . to rest."  Tr. 45. Plaintiff stated her daughter takes her grocery shopping once a week, does "all of the lifting" at the store, and carries the

grocery bags for Plaintiff.  Tr. 46.  Plaintiff noted sleeping "is very hard" because it is difficult for her to get comfortable and she "toss[es] and turn[s] all night" due to discomfort.  *Id*. Plaintiff stated "on a good night" she gets four or five hours of sleep.  *Id.*

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record."  Tr. 18.  Specifically, the ALJ noted bilateral shoulder x-rays in November 2018 indicated only mild osteopenia. Tr. 419.  A December 10, 2018, MRI of Plaintiff's left shoulder reflected "minimal thickening and heterogeneity to the supraspinatus tendon" and "minimal bursitis."  Tr. 385.  On December 26, 2018, treating physician Craig Graham, M.D., noted Plaintiff's "[n]eck range of motion is mildly limited in all planes, but there is no reproduction of left shoulder/upper extremity pain with movement."  Tr. 409.  The ALJ also noted although Plaintiff testified she can only lift a cup of coffee with her left arm and a gallon of milk with her right arm, she had normal upper extremity strength on all but one examination. *See, e.g.,* Tr. 417, 430, 471.  In addition, a January 2019 workers' compensation examination indicated Plaintiff had full

range of motion in her shoulders and intact bilateral shoulder
strength of 5/5.  Tr. 471.

The ALJ asserted various notes from treating medical
professionals that indicate Plaintiff should remain "out of work"
were for a limited duration, and, therefore, did not indicate
permanent disability.  For example, on November 13, 2018,
treating nurse practitioner Heidi Grimes, F.N.P., stated it was
"her medical opinion that [Plaintiff] should remain out of work
until 11/15/18."  Tr. 415.  Similarly, notes from treating nurse
practitioner Pamela Cotton, N.P., indicated Plaintiff could
return to modified work with "no lifting, pushing or pulling over
5 pounds"; no crawling; "minimal use of affected extremities";
minimized "repetitive motion of" her shoulders; "no work with R
or L arm above shoulder level"; and "no working at unprotected
heights."  Tr. 439, 451.

Finally, the ALJ noted nonexamining medical consultants
found Plaintiff could perform light work except she could only
occasionally crawl; reach overhead bilaterally; and climb
ladders, ropes, and scaffolds.  Tr. 19.

The Court concludes on this record that the ALJ did not err
when he partially rejected Plaintiff's testimony regarding the
intensity, persistence, and limiting effects of her symptoms
because the ALJ provided clear and convincing reasons supported
by substantial evidence in the record for doing so.

12 - OPINION AND ORDER

**II.  N.P. Cotton's Notes**

Plaintiff asserts the ALJ erred when he found three "disabling assessments by treating provider NP Cotton do not constitute medical opinions that he was required to consider."

"Because plaintiff filed her application[] after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence." *Christopher W. v. Comm'r*, No. 6:20-CV-01632-JR, 2021 WL 4635801, at *6 (D. Or. Oct. 7, 2021).  "Under the [new] regulations, an ALJ 'will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]'" *Id.* (quoting 20 C.F.R. §§ 404.1520c(a), 416.920c(a)).  "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by . . . agency medical and psychological consultants at a prior level of review . . . in [a] claim based on their review of the evidence." 20 C.F.R. § 404.1513(a)(5).  In addition, the new regulations rescinded SSR 06-03p in which the SSA "explained how [it] considers opinions and other evidence from sources who are not acceptable medical sources . . . .  The [new] rules revised [this] polic[y] . . . .  For example, in claims filed on or after March 27, 2017, the final rules state that all medical sources, not just acceptable medical sources, can make evidence that [it]

categorize[s] and consider[s] as medical opinions." Rescission
of Soc. Sec. Rulings 96-2p, 96-5p, & 06-3p, SSR 96-2P 2017 WL
3928298, at *1 (S.S.A. Mar. 27, 2017).

"The ALJ must articulate and explain the persuasiveness of a
[medical] opinion or prior finding based on 'supportability' and
'consistency,' the two most important factors in the evaluation.
*Christopher W.*, 2021 WL 4635801, at *6 (quoting 20 C.F.R.
§§ 404.1520c(a), (b)(1)-(2)). "The 'more relevant the objective
medical evidence and supporting explanations presented' and the
'more consistent' with evidence from other sources, the more
persuasive a medical opinion or prior finding." *Id.* (quoting 20
C.F.R. § 404.1520c(c)(1)-(2)).

> The ALJ may, however, is not required, to explain
> how other factors were considered including the
> relationship with the claimant (length, purpose,
> and extent of treatment relationship; frequency of
> examination); whether there is an examining
> relationship; specialization; and other factors,
> such as familiarity with other evidence in the
> claim file or understanding of the Social Security
> disability program's policies and evidentiary
> requirements.

*Id.* (quoting 20 C.F.R. §§ 404.1520c(b)(2), (c)(3)-(5)). *But see*
20 C.F.R. § 404.1520c(b)(3)(when an ALJ finds two or more
opinions about the same issue are equally supported and
consistent with the record but not exactly the same, the ALJ must
articulate how these "other factors" were considered).

On November 28, 2018, and January 1, 2019, N.P. Cotton
completed check-the-box forms in which she stated Plaintiff could

14 - OPINION AND ORDER

return to modified work with "no lifting, pushing or pulling over 5 pounds"; no crawling; "minimal use of affected extremities"; minimized "repetitive motion of" her shoulders; "no work with R or L arm above shoulder level"; and "no working at unprotected heights." Tr. 439, 451. Each of N.P. Cotton's notes stated Plaintiff should return to the clinic in one month. *Id*. The ALJ stated these notes "are intended for limited duration and do not constitute medical opinions relevant to the determination of disability." Tr. 19.

Plaintiff asserts there is not any indication that the return-to-work notes were intended for a limited duration nor is there any indication in the record that N.P. Cotton ever lifted Plaintiff's work restrictions. According to Plaintiff, therefore, the ALJ erred when he did not consider these notes in his evaluation of Plaintiff's disability. Defendant asserts the ALJ did not err when he did not consider N.P. Cotton's notes because the statement that Plaintiff should return to the clinic in four weeks indicated a durational limit to the notes and they did not contain sufficient information to be a medical opinion.

The Court notes Defendant's second point is a *post hoc* rationalization for the ALJ's failure to consider the notes. The ALJ did not consider the sufficiency of the medical information contained in N.P. Cotton's notes and declined to consider the notes solely on the ground that they were for a limited duration.

The Ninth Circuit has made clear that the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006)(citation and quotation omitted).  The Court, therefore, rejects Defendant's *post hoc* argument in support of the ALJ's failure to consider N.P. Cotton's notes.

In addition, neither of N.P. Cotton's notes state they are for a limited time; rather N.P. Cotton stated Plaintiff's limitations and asked her to return to the clinic in the future. As Plaintiff noted, there is no indication in the record that Plaintiff's restriction were ever lifted by N.P. Cotton or any other medical professional.

On this record the Court concludes the ALJ erred when he failed to consider N.P. Cotton's notes because the ALJ did not provide clear and convincing reasons for doing so based on substantial evidence in the record.

**III. Conflict with the DOT.**

Plaintiff asserts the ALJ erred at Step Five when he failed to resolve a conflict with the DOT.

At Step Five the ALJ determines whether the claimant can perform work in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  The ALJ may take administrative notice of the occupational data contained in the DOT or draw on a VE's testimony to show that a claimant can perform work in the

national economy.  20 C.F.R. § 404.1566(d-e).  The decision to
use a VE is reserved for the Commissioner.  20 C.F.R.
§ 404.1566(e).

The ALJ's questions to the VE must include all properly
supported limitations.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1165
(9th Cir. 2001).  The ALJ must ask the VE whether his testimony
is consistent with the DOT.  *Massachi v. Astrue*, 486 F.3d 1149,
1153 (9th Cir. 2007).  "[A]n ALJ may rely on [VE] testimony which
contradicts the DOT, but only insofar as the record contains
persuasive evidence to support the deviation."  *Id.*  Thus, before
he may rely on the VE's testimony, an ALJ "must first determine
whether a conflict exists."  *Id.*  If "there is an apparent
unresolved conflict between VE . . . evidence and the DOT, the
[ALJ] must elicit a reasonable explanation for the conflict."
SSR 00-4p.  *See also Massachi,* 486 F.3d at 1153-54.

As noted, the ALJ found at Step Five that Plaintiff could
perform other work in the national economy as a hand packager,
production assembler, and short order cook.  The ALJ's assessment
of Plaintiff's RFC included a limitation to occasional
"reach[ing] overhead bilaterally.  Tr. 16-17.  At the hearing the
VE testified that an individual with the limitation of occasional
"reach[ing] overhead bilaterally" could perform the jobs of hand
packager, production assembler, and short order cook.  The DOT,
however, defines the jobs of hand packager, production assembler,

17 - OPINION AND ORDER

and short order cook to require frequent reaching.  DOT #313.374-
014, 559.687-074, 706.687-010.  *See* http://onlineresources.wnylc.
net/docs/SelectedCharacteristicsSearch121110.pdf.  The DOT
defines reaching as "[e]xtending hand(s) and arm(s) in *any*
direction."  Department of Labor's Selected Characteristics
of Occupations Defined in the Revised Dictionary of Occupational
Titles (1993), App. C-3 (emphasis added).  Nevertheless, when the
ALJ asked the VE at the hearing if his testimony was consistent
with the DOT, the VE stated that it was consistent and the ALJ
did not inquire further.

     The ALJ noted in his decision that the "DOT does not . . .
break down reaching into subcategories such as overhead,
laterally, etc.," but found the VE's "testimony is based on
professional experience."  Tr. 21.  As noted, however, the ALJ
did not inquire as to whether the VE's testimony that an
individual who was limited to occasional overhead, bilateral
reaching could perform the jobs of hand packager, production
assembler, and short order cook was based on the VE's
professional experience, nor did the VE volunteer that testimony.

     The Court concludes on this record that the ALJ erred at
Step Five when he relied on the VE's testimony that a significant
number of jobs exist in the national economy that Plaintiff can
perform because the ALJ failed to "elicit a reasonable
explanation" for the apparent unresolved conflict between VE's

testimony and the DOT.

## **REMAND**

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *See, e.g.*, *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir. 2012).  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).  The Ninth Circuit has established a three-part test for determining when evidence should be credited and an immediate award of benefits directed.  *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).  The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *See, e.g.*, *Harman v. Apfel*, 211 F.3d 1172, 1178 n.2 (9th Cir. 2000).

Here further administrative proceedings are necessary for the ALJ to consider N.P. Cotton's notes and to inquire and

19 - OPINION AND ORDER

consider any explanation for the conflict between the VE's testimony and the DOT.  Accordingly, the Court remands this matter to the Commissioner for further administrative proceedings.

## <u>CONCLUSION</u>

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 28 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 21st day of April, 2022.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States Senior District Judge

20 - OPINION AND ORDER